# EXHIBIT A

# U.S. District Court
# Eastern District of California - Live System (Sacramento)
# CIVIL DOCKET FOR CASE #: 2:23-cv-00203-TLN-JDP

Locatell v. Generac Power Systems, Inc. et al
Assigned to: District Judge Troy L. Nunley
Referred to: Magistrate Judge Jeremy D. Peterson
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 02/02/2023
Jury Demand: Plaintiff
Nature of Suit: 195 Contract Product Liability
Jurisdiction: Diversity

## Plaintiff

**Kathryn Locatell**

represented by **Mark P. Chalos , PHV**
Lieff Cabraser Heimann & Bernstein, LLP
222 Second Avenue South
Suite 1640
Nashville, TN 37201
615-313-9000
Fax: 615-313-9965
Email: mchalos@lchb.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas R. Hartmann**
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street
29th Floor
San Francisco, CA 94111
415-956-1000
Fax: 415-956-1008
Email: nhartmann@lchb.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Generac Power Systems, Inc.**

## Defendant

**Generac Holdings, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2023 | 1 | COMPLAINT against All Defendants by Kathryn Locatell. Attorney Hartmann, Nicholas R. added. (Filing fee $ 402, receipt number ACAEDC-10677645) (Attachments: # 1 Civil Cover Sheet)(Hartmann, Nicholas) (Entered: 02/02/2023) |
| 02/02/2023 | 2 | SUMMONS ISSUED as to *Generac Holdings, Inc., Generac Power Systems, Inc.* with answer to complaint due within *21* days. Attorney *Nicholas R. Hartmann* *Lieff |

| | | Cabraser Heimann & Bernstein, LLP* *275 Battery St, 29th Fl* *San Francisco, CA 94111*. (Kastilahn, A) (Entered: 02/02/2023) |
|---|---|---|
| 02/02/2023 | 3 | CIVIL NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Form, # 2 VDRP) (Kastilahn, A) (Entered: 02/02/2023) |
| 02/09/2023 | 4 | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by Kathryn Locatell for attorney Mark P. Chalos to appear Pro Hac Vice. (Attachments: # 1 Certificate of Good Standing)(Hartmann, Nicholas) (Entered: 02/09/2023) |
| 02/09/2023 | | RECEIPT number ACAEDC-10689404 for $225.00 for Pro Hace Vice Application for Mark P. Chalos from Nicholas R. Hartmann. (Kastilahn, A). Modified on 2/9/2023 (Kastilahn, A). (Entered: 02/09/2023) |
| 02/10/2023 | 5 | ORDER signed by District Judge Troy L. Nunley on 2/9/2023 GRANTING 4 Application for Pro Hac Vice. Added attorney Mark P. Chalos, PHV for Kathryn Locatell. The Pro Hac Vice attorney is directed to request electronic filing access through PACER. (Mena-Sanchez, L) (Entered: 02/10/2023) |
| 02/27/2023 | 6 | SUMMONS RETURNED EXECUTED: Generac Holdings, Inc. served on 2/23/2023, answer due 3/16/2023; Generac Power Systems, Inc. served on 2/22/2023, answer due 3/15/2023. (Hartmann, Nicholas) (Entered: 02/27/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/01/2023 16:58:30 | | | |
| **PACER Login:** | kctlegal | **Client Code:** | Generac |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00203-TLN-JDP |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Mark P. Chalos (*pro hac vice*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
222 2nd Avenue South, Suite 1640
Nashville, TN  37201-2379
Telephone:  615.313.9000
Facsimile:  615.313.9965
mchalos@lchb.com

Michael Levin-Gesundheit (SBN 292930)
Nicholas Ryan Hartmann (SBN 301049)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008
mlevin@lchb.com
nhartmann@lchb.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN LOCATELL, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC. and GENERAC HOLDINGS, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.      Plaintiff Kathryn Locatell ("Plaintiff") brings this proposed class action on behalf of herself and all current and former purchasers or lessees of Generac PWRcell systems ("Solar Products" or "Generac Systems").  The allegations herein are based upon personal knowledge as to Plaintiff's own conduct and made on information and belief as to the acts of others.

2.      Plaintiff purchased a residential solar energy system equipped with a Generac PWRcell system.  The PWRcell system operates in conjunction with home solar panels to provide, boost, regulate, convert, store, and monitor energy produced through the solar panels. Generac does not sell or provide the solar panels themselves; rather, it manufactures and sells the power management system used with the panels.

3.      Generac's PWRcell system includes components called SnapRS (Rapid Shutdown) devices.  The SnapRS devices are safety devices that rapidly shut down power to individual solar panels as required by the National Electric Code ("NEC") and reduce photovoltaic ("PV") output voltage to safe levels (less than 80 volts).  These critical "shutoff" devices are installed between each solar panel and are meant to protect against electrical surges. If working properly, the SnapRS devices prevent electric shock, electrocution, physical harm, equipment damage, and damage to property.

4.      However, Generac's SnapRS devices are defective and dangerous to consumers and their homes.  The shutoff devices malfunction by becoming overactive, repeatedly turning off and on, causing them to overheat, bubble, burn, and explode, resulting in charring and home fires (the "Defect").  In addition, the Defect results in a loss of energy production for consumers' home energy systems by either shutting down entire panels or the entire Generac System, sometimes for prolonged periods.  Malfunctions are detected through Generac's inverters and coded as "PVRSS Lockout" errors, which send the system into "lockout mode" and prevent it from producing solar energy until the lockout is cleared.

5.      Even though Generac knew or should have known of the Defect, Generac failed to disclose the Defect to Plaintiff and other consumers.  Generac also has failed to issue a recall, to

CLASS ACTION COMPLAINT

1  provide refunds, to provide adequate replacement components, to otherwise remedy the Defect, or

2  to inform the public that Generac Systems are defective and pose a serious safety risk.

3       6.      Generac's conduct violates well-established consumer protection laws, including

4  in California. Plaintiff brings this suit on behalf of herself and similarly situated consumers,

5  seeking damages and appropriate equitable relief, including an order enjoining Generac from

6  selling its Solar Products without disclosing the Defect to consumers.

7  **PARTIES**

8       7.      Plaintiff Kathryn Locatell is, and at all relevant times was, a citizen and resident of

9  Placerville, California, located in El Dorado County, California.

10       8.      Defendant Generac Power Systems, Inc. distributes, markets, and directs the

11  marketing of its products, including the aforementioned Generac Systems, throughout the United

12  States. Generac Power Systems, Inc. is a Wisconsin corporation with its principal place of

13  business located at S45 W29290 Highway 59, Waukesha, Wisconsin 53189.

14       9.      Defendant Generac Holdings, Inc. is the parent company of Generac Power

15  Systems, Inc. Generac Holdings, Inc. is a publicly-traded company incorporated in Delaware

16  with its principal executive offices located at S45 W29290 Highway 59, Waukesha, Wisconsin

17  53189.

18       10.     Defendants Generac Power Systems, Inc. and Generac Holdings, Inc. are together

19  referred to herein as "Generac."

20  **JURISDICTION AND VENUE**

21       11.     This Court has original jurisdiction over this matter pursuant to the Class Action

22  Fairness Act, 28 U.S.C § 1332(d), because: (i) at least one member of the proposed class is a

23  citizen of a state different from Generac; (ii) the amount in controversy exceeds $5,000,000,

24  exclusive of interest and costs; (iii) the proposed class consists of more than 100 class members;

25  and (iv) none of the exceptions under the subsection apply.

26       12.     This Court has jurisdiction over Generac because it is registered to conduct

27  business in California, has sufficient minimum contacts in California, and otherwise intentionally

28  avails itself of the markets within California through the promotion, sale, marketing and

        CLASS ACTION COMPLAINT

distribution of its products, such that the exercise of jurisdiction by this Court is proper and

necessary.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because Generac conducts

substantial business in this District, and a substantial part of the events giving rise to Plaintiff's

claims occurred in this District.

## **FACTUAL ALLEGATIONS**

14.     Generac describes itself as a "leading global designer and manufacturer of a wide

range of energy technology solutions," providing "power generation equipment, energy storage

systems . . . and other power products serving residential, light commercial and industrial

markets."  *See* Generac Form 10-K (Feb. 22, 2022) at 43, *available at*

https://investors.generac.com/static-files/16af6044-ca8b-4828-80f9-af48a4be7b55 (last accessed

Feb. 2, 2023) ("Generac 2022 10-K").

15.     As of November 2022, Generac reported net sales of $4.6 billion (LTM) and

Adjusted EBITDA (earnings before interest, taxes, depreciation, and amortization) of $872

million (LTM).  *See* Generac Investor Presentation (Nov. 2022) at 4, *available at*

https://investors.generac.com/static-files/114bea95-5b18-4a91-b786-af5b424e5158 (last accessed

Feb. 2, 2023).

16.     Generac was founded in 1959 as an affordable portable generator company.  In

1980, it expanded into industrial power generation.  Generac introduced its first residential

standby generator in 1989.  Generac expanded its industrial products and global distribution

system in the 1990s and in the 2000s continued to expand its residential and commercial

automatic standby generator product lines.  *See* Generac 2022 10-K at 2.

17.     Starting in 2019, Generac made "significant investments" in "energy technology

solutions."  *Id.* at 3.  This included the rapid acquisition of several companies involved in the

manufacture of residential solar systems

> beginning with the March 2019 acquisition of Neurio Technology Inc., a leading
> energy data company focused on metering technology and sophisticated analytics to
> optimize energy use within a home or business.  This was followed by the April
> 2019 acquisition of Pika Energy Inc., a designer and manufacturer of battery storage
> technologies that capture and store solar or other power sources for homeowners

CLASS ACTION COMPLAINT

and businesses.  In October 2020, the Company acquired Enbala Power Networks Inc., one of the leading providers of distributed energy optimization and control software that helps support the operational stability of the world's power grids.  In July 2021, Generac added to its residential clean energy portfolio with the acquisition of Chilicon Power LLC, a designer and provider of grid-interactive microinverter and monitoring solutions for the solar market.  With these acquisitions, Generac has established itself as a credible leader in the rapidly growing residential clean energy market, focused on solar, battery storage and grid services applications.

*Id.*

18.    Prior to these acquisitions, Generac was not involved in the residential solar energy business.

19.    Generac's primary clean energy product offering is the PWRcell Solar + Battery Storage System.  Generac advertises the PWRcell system as a product that will "[s]ave money" and allow customers to "prepare for power outages," all while being "environmentally friendly."  *See* Generac PWRcell Consumer Brochure, *available at* https://www.generac.com/generaccorporate/media/library/content/clean%20energy/pwrcell_consumerbrochure_202212_digital.pdf?ext=.pdf (last accessed Feb. 2, 2023) ("PWRcell Brochure") at 1–2.

20.    The PWRcell system was designed and is manufactured by Generac.

21.    Generac claims that its PWRcell system "has all the power and capacity you need, enough to save money on energy bills and keep the whole home powered when the grid goes down."  Generac also represents that its PWRcell system can "save you money on your monthly ele[c]tric bill AND protect you and your family in the event of power outages," and that the system's cohesive load management provides consumers with "further protection."  Generac, *The complete energy system from Generac*, https://www.generac.com/all-products/clean-energy/pwrcell (last accessed Feb. 2, 2023).

22.    Generac further advertises that its customers should "[n]ever be surprised by utility power outages or high electricity bills again when you have the Generac PWRcell, a fully integrated solar + battery storage system.  PWRcell provides backup power using stored energy from the sun, which helps you save money."  PWRcell Brochure at 2.

CLASS ACTION COMPLAINT

23.     According to Generac, the PWRcell system "offers 30% more power output than [its] competitors."  Generac advertises an estimated energy savings of $159 per month and $68,217 over twenty-five years.  *Id.* at 5.

24.     Generac customers can monitor the performance and energy output of their Systems through Generac's PWRview energy monitoring app.  Among other functions, PWRview allows Generac customers to "[t]rack the status of [their] battery system to ensure energy is available during peak demand times and utility power outages" and "[u]nderstand how PWRcell helps [them] meet [their] energy needs . . . ."  *Id.* at 6.

25.     Generac describes the PWRcell system as "customizable" and "easy to install." *Id.* at 2.

26.     Generac does not manufacture or provide solar panels for residential solar systems. Instead, the Generac System "pairs with solar panels" made by other manufacturers.  *Id.* at 4.

27.     The PWRcell system manages, processes, stores, monitors, and provides electricity generated through the solar panels.  Generac markets its PWRcell system as "revolutionary battery storage technology" and claims that the "energy stored can be discharged to power your home during peak demand times when the cost of utility power is higher, which can help you save thousands in electric utility costs."  In addition, Generac describes its PWRcell system as a safety feature in the event of natural disasters or power outages.  Specifically, Generac's advertisements proclaim that the Systems "provide whole home backup power during utility power outages, so you stay comfortable, safe and secure in your home."  Generac, *PWRcell Homeowner Resources:  Introducing PWRcell*, https://www.generac.com/service-support/pwrcell-homeowner-resources/introducing-pwrcell (last accessed Feb. 2, 2023).

28.     For many consumers, including those who need electricity for medical devices and other life-saving measures, the ability of Generac Systems to reliably provide electricity during power outages is a critical selling point.

29.     Generac depicts its complete, fully integrated PWRcell system with the following graphic:

CLASS ACTION COMPLAINT



PWRcell Brochure at 8.

30.     Among the components for Generac's PWRcell system are the PV Link and SnapRS devices, pictured and described below:





*Id.* at 9.

31.     SnapRS (Rapid Shutdown) devices are connected to the negative lead of each PV module (solar panel) in the array "for simple module-level rapid shutdown compliance.  SnapRS devices isolate array voltage when a rapid shutdown is initiated at a PWRcell Inverter.  When rapid shutdown is initiated, SnapRS devices isolate each PV module in the array, reducing array

CLASS ACTION COMPLAINT

voltage to <80V in seconds."  Generac SnapRS Spec Sheet at 1, *available at* https://prod-generacsoa.azurefd.net/manualsweb/manuals/APKE00011/A0000528183 (last accessed Feb. 2, 2023).

32.    A diagram of a solar panel array with the incorporated Generac PV Link and SnapRS devices (depicted as "RS") is shown below:



*Id.*

33.    Generac advertises that its SnapRS devices comply with 2017 and 2020 National Electrical Code ("NEC") requirements, specifically the NEC's PV "rapid shutdown requirements."  PWRcell Brochure at 9.  It also represents that "SnapRS and PV Link Optimizers are listed to UL 1741." *Id.*  UL 1741 is the Underwriters Laboratories Inc. Standard for Inverters, Converters, Controllers and Interconnection System Equipment for Use With Distributed Energy Resources, setting forth performance and safety requirements for such devices.

34.    As shown in the diagram above, SnapRS devices typically are installed between each solar panel to allow for rapid shutdown and to protect against electrical surges, including when roof access is necessary or where electric shock or electrocution could result in serious injury, death, or property damage.

35.    Generac certifies and provides specific trainings, resources, and support to PWRcell sellers and installers.  It has a "Contractor Acquisition Team" to "onboard" its sellers and installers.  Generac, *Become a Certified PWRcell Installer*, https://www.generac.com/ resources-and-tools/ce-installer-resources/become-an-installer (last accessed Feb. 2, 2023).

CLASS ACTION COMPLAINT

**Generac's PWRcell Limited Warranty**

36.     The duration of Generac's written warranty for SnapRS devices is 25 years.  Other Generac System components are covered for 10 years.  Generac further warrants that its PWRcell products will be free from defects and that it will cover parts, labor, and travel for defective equipment:

### Generac Power Systems Limited Warranty for Generac PWRcell®

For the period of warranty noted below and beginning upon the successful registration of the unit, Generac Power Systems, Inc. (Generac) warrants that its Generac PWRcell® products will be free from defects in material and workmanship for the items and period set forth below. Any equipment that the purchaser/owner claims to be defective should be reported to Generac customer service for evaluation and resolution. Generac will, at its discretion, repair or replace any part(s) which, upon evaluation, inspection, and testing by Generac, an Independent Authorized Service Dealer or certified installer, is found to be defective.

| Product | Model Number | Warranty Period | Coverage |
|---|---|---|---|
| Generac PWRcell Battery Cabinet | APKE00007 APKE00028 | 10 years | Parts, Labor, and Limited Travel |
| Generac PWRcell Battery Modules | A0000391219 G0080040 G0080001 G0080003 G0080005 | 10 years or 7.56MWh of energy throughput per module, whichever comes first (i.e. a six module system carries a warranty of 10 years or 45.36 MWh of total energy throughput). Capacity retention guarantee at the end of the warranty period: At least 70% of nameplate rating. | |
| Generac PWRcell Inverter | APKE00014 APKE00013 XVT076A03 XVT114G03 | 10 years | |
| PWRmanager™ | G0080090 | 10 years | |
| PV Link™ | APKE00010 | 25 years | |
| SnapRS™ | APKE00011 RS801a RS802 | 25 years | |

37.     Generac's Solar Products, including its SnapRS devices, are not free from defects. As further alleged herein, a defect in Generac Systems' SnapRS devices causes them to become overactive, overheat, bubble, burn, separate, melt, char, combust, and/or explode.  Despite this, Plaintiff and Class Members were denied warranty coverage for repairs.

**Generac's SnapRS Devices Are Defective and Unsafe**

38.     Generac's SnapRS devices link each solar panel within a residential solar panel array, which usually consists of eight panels.  Each array is connected to a PV Link optimizer, which optimizes performance and helps to overcome restrictions to power production like site shading and roof-line interference.  Electricity is routed through the SnapRS devices to the PV

CLASS ACTION COMPLAINT

Link and into the Generac home battery storage system.  Each PV Link and solar panel array connected by SnapRS devices is referred to as a "power zone."

39.     Generac's SnapRS devices are supposed to remain in either an "on" or "off" state for purposes of quickly reducing solar panel voltage.

40.     Rather than remaining in an "on" or "off" condition, however, Generac's SnapRS devices are defective in that they turn on and off repeatedly.  This overactivity in the SnapRS devices causes them to overheat, bubble, burn, separate, melt, char, combust, and/or explode.  Such thermal events can lead to fire and, upon information and belief, has caused fires and other potential hazards to Generac consumers' homes.

41.     In addition, defective SnapRS devices can cause Generac Systems to experience a "PVRSS Lockout" error.  A PVRSS Lockout occurs when the inverter detects a malfunctioning or overheating SnapRS between the solar panels.  This can result in the Generac System going into "lock out" mode, shutting down the System or otherwise reducing its ability to generate power.

42.     Upon information and belief, after receiving significant numbers of complaints from customers and installers about malfunctioning and overheating SnapRS devices, Generac advised in or around August 2021 that it had a "fix" for the problem.  Specifically, Generac announced that it would release a firmware update and had the ability to remotely identify defective SnapRS devices that were in danger of overheating and presented fire hazards to consumers.  The firmware update purportedly would address the issue by keeping SnapRS devices' signal constant rather than turning on and off repeatedly.

43.     Generac instituted the firmware updates in or around August 2021.  However, the SnapRS overheating malfunction persisted.  In addition, upon information and belief, Generac was aware that a significant number of customers had not even received the firmware update because their Generac Systems were not connected to the internet.

44.     Upon information and belief, Generac's firmware update adversely impacted its customers' Systems and energy production by triggering PVRSS Lockout errors, shutting down the Systems or entire arrays of panels for prolonged periods.

CLASS ACTION COMPLAINT

45.     Generac never disclosed to its customers that SnapRS malfunctions persisted despite the firmware update or that the firmware update might result in shutdowns or reduced power output for their Systems.

46.     In or around late 2021, Generac released a next generation SnapRS device, called the SnapRS 801A, which was supposed to fix the overheating malfunction in its prior SnapRS 801 model.  It did not.  Generac's SnapRS 801A device exhibited the same or similar malfunctions as the SnapRS 801, including overheating and PVRSS Lockouts.

47.     Upon information and belief, Generac acknowledged in or around May 2022 that it experienced issues with its SnapRS 801 and 801A devices and advised that it had developed and was supplying a new device, the SnapRS 802.

48.     However, upon information and belief, Generac did not make enough SnapRS 802 devices available to replace existing 801 and 801A devices and to date has not replaced all of the existing prior SnapRS models still installed on consumers' homes.

49.     Upon information and belief, by spring of 2022, Generac represented that it had submitted a report to the Consumer Product Safety Commission ("CPSC") regarding its SnapRS devices but refused to issue a product recall.

50.     Upon information and belief, Generac also has acknowledged an estimated 50% failure rate in its SnapRS devices.

51.     As a result of the Defect, Generac Systems pose an unreasonable safety risk to consumers and their property.  Instead of providing a reliable source of electricity in the event of a power outage or natural disaster, they are subject to premature failure and are inherently unreliable.  Additionally, the Defect results in fire damage, power surges, loss of electricity, and loss of monetary energy savings reasonably expected by consumers when purchasing their Generac Systems.

52.     Had Plaintiff and putative Class Members known that the Generac Systems were unreliable, defective, and unsafe, they would not have purchased the Systems or would have paid less for them.

CLASS ACTION COMPLAINT

**Generac Had Actual and/or Constructive Notice of the Defect**

53.     Generac knew or should have known that reasonable consumers and their agents would be unaware of the true defective nature of the Generac Systems, and that consumers reasonably expected that the Systems they ordered and installed would function properly and not expose their homes and occupants to serious risk of harm.

54.     Similarly, Generac knew or should have known that Generac System installers would be unaware of the true defective nature of the Systems.

55.     Instead of disclosing the material safety defects alleged herein, Generac failed to disclose and did not warn consumers that its Solar Products were defective and unsafe.

56.     Generac had superior and exclusive knowledge of the Defect and the Defect is not reasonably discoverable by consumers until they experience a SnapRS thermal event or System disruption.  As a result of Generac's inaction and silence, consumers are unaware that they have purchased, installed, and continue to have unsafe Generac Systems installed on their homes, while Generac continues to profit from the sale of its Systems to consumers.  Plaintiff and similarly situated consumers would not have purchased and installed Generac Systems had they known they were defective and unsafe.

57.     Upon information and belief, Generac acquired knowledge of the material Defect prior to the time Plaintiff and Class Members purchased or leased their Generac Systems, including through numerous consumer complaints, warranty submissions, data acquired through its PWRview app and other PWRcell monitoring tools that allow it to monitor System performance, and complaints from authorized sellers and installers such as Power Home Solar, LLC d/b/a Pink Energy.

58.     Pink Energy filed a complaint against Generac detailing numerous consumer and installer reports to Generac regarding defective SnapRS devices.  *See Power Home Solar, LLC d/b/a Pink Energy v. Generac Power Systems*, Case No. 6:22-cv-000430NKM (W.D. Va.).  As early as April 2021, Pink Energy itself notified Generac that it had encountered a melted SnapRS device; it alleged that other installers had notified Generac of heat deformation in SnapRS devices during the summer of 2021.  *Id.*

CLASS ACTION COMPLAINT

59.     Generac's knowledge of the Defect prior to the time Plaintiff and Class Members purchased or leased their Generac Systems also is evidenced by Generac's release of a firmware update in August 2021.  That attempted "fix" for the Defect required Generac to have accumulated sufficient knowledge of the Defect to theorize its cause, design the firmware update, develop the update, test the update, and push the update—a process that required significant lead time prior to the update's release in August 2021.

60.     Generac's knowledge of the Defect also is based on its:  research, development, testing, and inspections of SnapRS devices; research, design, testing, development and release of the replacement SnapRS 801A model in late 2021; and research, design, testing, development and release of the SnapRS 802 model in May 2022.  Despite its accumulated knowledge and model replacements, Generac consistently failed to disclose and actively concealed the Defect from Plaintiff and putative Class Members.

61.     Generac also received notice of the Defect through consumer complaints and concerns submitted directly to Generac, as well as from the multitude of complaints or concerns posted online, including to the Better Business Bureau ("BBB"), on online forums like Reddit, and on social media like Facebook.

62.     For example:



Erwin A
★ ☆ ☆ ☆ ☆                                                           12/01/2021

The batteries used for solar power are extremely limited. They can't handle hvac systems like other solar batteries. The only way to get it to handle hvac systems require more batteries and a soft starter. Research
The solar is poor at best. After becoming operational the pv link failed. A week later the unit had another error appeared bc so much was wrong I didn't want to risk messing with the unit. Powerhome, the vendor, told me generac has been aware of the problem and has yet to address it. Beware of any vendors using the generac system more hassle than its worth

*See* Better Business Bureau, Customer Reviews – Generac Power Systems, Inc., https://www.bbb.org/us/wi/waukesha/profile/electric-generator/generac-power-systems-inc-0694-15012025/customer-reviews (last accessed Feb. 2, 2023).

CLASS ACTION COMPLAINT



*See* Better Business Bureau, Complaints – Generac Power Systems, Inc., https://www.bbb.org/us/wi/waukesha/profile/electric-generator/generac-power-systems-inc-0694-15012025/complaints (last accessed Feb. 2, 2023).



*See* Reddit.com, PwrCellOwners, https://www.reddit.com/r/PwrCellOwners/comments/yikqg8/comment/iukm5kw/?utm_source=share&utm_medium=web2x&context=3 (last accessed Feb. 2, 2023).  The PwrCellOwners community on Reddit was founded as early as 2020.

CLASS ACTION COMPLAINT

Consumer Affairs, Generac Power Systems, consumeraffairs.com/homeowners/generac-power-systems.html (last accessed Feb. 2, 2023).



Facebook.com, Generac PWRcell Systems, Battery Storage, Home Energy, Energy Storage Group, https://www.facebook.com/groups/509962209704705/?mibextid=HsNCOg (last accessed

Feb. 2, 2023).

63.     Despite Generac's knowledge of the Defect, it refused to adequately address or remedy the Defect or remove its defective Solar Products from the market.  It also improperly denied warranty claims or replaced its defective Solar Products with Solar Products that were still defective, inadequate, and failed to work properly.

64.     Generac continues to refuse to appropriately address or remedy the Defect.  It continues to sell its defective Solar Products, actively conceals the Defect, fails to notify its customers of the Defect, and refuses to recall the Systems.

**Plaintiff's Individual Facts**

65.     In or around July 2021, Plaintiff purchased a Generac PWRcell system from a company in Rancho Cordova, California for residential use.  The PWRcell system and solar panels were installed by Sierra Pacific Home & Comfort, Inc. ("SPHC"), an authorized Generac retailer and certified Generac installer.  The cost of Plaintiff's solar energy system was $91,400.

66.     In selecting the Generac System, Plaintiff reasonably relied on statements made by Generac's authorized retailer and certified installer, SPHC.  Based on those statements, Plaintiff at all times reasonably believed that she was purchasing a Generac System that would operate as intended for purposes of safely delivering dependable solar energy and lowering her energy costs. As a reasonable consumer, she did not expect that defective SnapRS devices would render the Generac System less productive or useless.

67.     Plaintiff at all times used the Generac System as intended for normal, residential energy production and savings.

68.     SPHC completed installation of Plaintiff's Generac System on or about July 9, 2021.  Plaintiff's Generac System started to experience errors and decreased performance less than two days after installation was complete.

69.     In or around August 2021—*i.e.*, only six weeks after installation—the SnapRS devices in Plaintiff's PWRcell system began failing.  All of the SnapRS devices in Plaintiff's Generac System (eight in total) were replaced at least once by September 2021.  However, one of

CLASS ACTION COMPLAINT

1  the newly installed SnapRS devices failed in January 2022 and a second failed in or around June

2  2022.

3          70.     Plaintiff contacted SPHC and Generac in or around June 2022 to schedule further

4  repairs.  Crews consisting of engineers from both SPHC and Generac have since visited and

5  inspected Plaintiff's system on multiple occasions, but the problems with her SnapRS devices

6  have persisted.

7          71.     As of the date of this Complaint, Plaintiff continues to experience reduced

8  functionality in her Generac System resulting from defective SnapRS devices.

9          72.     Plaintiff has suffered a loss of energy production and monetary harm as a result of

10  the defective Generac System.  Also, instead of owning a reliable alternative electrical source that

11  can provide energy in the event of a power outage or natural disaster, Plaintiff has an unreliable,

12  potentially unsafe System that is subject to frequent outages and malfunctions.

13          73.     Plaintiff was unaware of defects in the Generac System, including the SnapRS

14  device Defect, prior to purchasing the System.  Had she known of the Defect, she would not have

15  purchased the System or would have paid less for it than she did.

16                    **TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS**

17          74.     The claims alleged herein accrued upon discovery of the defective nature of the

18  Solar Products.  Because the Defect alleged herein is hidden and Generac took steps conceal

19  and/or failed to disclose the true character, nature, and quality of the Solar Products, Plaintiff and

20  Class Members did not discover and could not have discovered it through reasonable and diligent

21  investigation.

22          75.     Any applicable statutes of limitations have been tolled by Generac's knowledge

23  and actual misrepresentations and/or concealment and denial of the facts as alleged herein, which

24  concealment is ongoing.  Plaintiff and Class Members could not reasonably have discovered the

25  true defective nature of their Solar Products until they malfunctioned.  As a result of Generac's

26  active concealment of the Defect and/or failure to inform Plaintiff and Class Members of the

27  Defect, any and all statutes of limitations otherwise applicable to the allegations herein have been

28  tolled.

76.     Alternatively, the facts alleged above give rise to estoppel.  Generac has actively concealed the Defect.  Generac was and is under a continuous duty to disclose to Plaintiff and Class Members the true character, quality, and nature of the Generac Systems, particularly that they pose a serious risk to life and property.  At all relevant times, and continuing to this day, Generac knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Generac Systems.  Given Generac's failure to disclose this non-public information about the defective nature of the Generac Systems—information over which Generac had exclusive control—and because Plaintiff and Class Members could not reasonably have known that the Systems were thereby defective, Plaintiff and Class Members reasonably relied on Generac's affirmative and/or ongoing concealment or nondisclosure.  Based on the foregoing, Generac is estopped from prevailing on any statute of limitations defense in this action.

77.     Additionally, Generac is estopped from raising any defense of laches due to its own unclean hands as alleged herein.

## CLASS ACTION ALLEGATIONS

78.     Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) against Generac on her own behalf and on behalf of a Nationwide Class and California subclass (together, the "Class") as defined below.  At the class certification stage, in response to discovery, and/or pursuant to any instruction by the Court, Plaintiff may modify the class definition in the future.

**Nationwide class:**

All persons in the United States who purchased or leased a Generac PWRcell System.

**California subclass:**

All persons in the United States who purchased or leased in the State of California a Generac PWRcell System.

79.     Excluded from the Class are:  (i) any Judge or Magistrate presiding over this action and members of their families; (ii) Generac and any entity in which Generac has a controlling interest or which has a controlling interest in Generac; (iii) the officers and directors

of Generac; (iv) Generac's legal representatives, assignees and successors; and (v) all persons who properly execute and timely request exclusion from the Class.

80.     Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class.

81.     **Numerosity**:  While the exact number of members cannot be determined yet, the Class consists of, at a minimum, thousands of people dispersed throughout the United States and California, such that joinder of all members is impracticable.  The exact number of Class Members can readily be determined by review of information maintained by Generac.

82.     **Commonality**:  Common questions of law and fact exist as to all members of the Class.  Among the questions of law and fact common to the Class are:

a.      Whether the Solar Products designed, manufactured, and sold by Generac pose a safety risk to consumers;

b.      Whether Generac knew, or should have known, that the Solar Products it sold posed an unreasonable safety risk to consumers;

c.      Whether Generac concealed the Defect from consumers;

d.      Whether the Solar Products contain a defect that presents an unreasonable risk of overheating, burning, bubbling, separating, melting, charring, combusting, and/or exploding;

e.      Whether Generac concealed the safety risk the Solar Products pose to consumers;

f.      Whether the safety risk the Solar Products pose to consumers is a material fact that reasonable consumers would have considered in deciding whether to purchase them;

g.      Whether the Solar Products designed and manufactured by Generac possess any material defect;

h.      Whether the Solar Products designed and manufactured by Generac are of merchantable quality;

i.      Whether the Solar Products designed and manufactured by Generac are likely to pose a serious safety risk to consumers before the end of their reasonable expected lives;

1                j.      Whether Generac breached express warranties relating to the Solar
Products by failing to recall, replace, repair, and/or correct the defect in the Solar Products;

                k.      Whether Generac breached implied warranties of merchantability relating
to the Solar Products;

                l.      Whether Generac misrepresented the characteristics, qualities and
capabilities of the Solar Products;

                m.      Whether Generac knew, or in the exercise of reasonable care should have
known, of the Defect prior to distributing the Solar Products to Plaintiff and Class Members;

                n.      Whether Generac omitted, concealed from, and/or failed to disclose in its
communications and disclosures to Plaintiff and Class Members material information regarding
the Defect;

                o.      Whether Generac failed to warn consumers regarding the defective Solar
Products;

                p.      Whether Generac made fraudulent, false, deceptive, misleading, and/or
otherwise unfair and deceptive statements in connection with the sale of the Solar Products in its
Solar Product literature and on its website, including those statements relating to standards, use,
and reliability;

                q.      Whether Generac should be ordered to disgorge all or part of the profits it
received from the sale of the defective Solar Products;

                r.      Whether Plaintiff and Class Members are entitled to damages, including
compensatory, exemplary, and statutory damages, and the amount of such damages;

                s.      Whether Plaintiff and Class Members are entitled to replacement of their
defective Solar Products;

                t.      Whether Plaintiff and Class Members are entitled to equitable relief,
including an injunction requiring that Generac engage in a corrective notice campaign and/or a
recall of the defective Solar Products; and

                u.      Whether Plaintiff and Class Members are entitled to an award of
reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs.

        CLASS ACTION COMPLAINT

83.    **Typicality**:  Plaintiff has substantially the same interest in this matter as all other Class Members, and Plaintiff's claims arise out of the same set of facts and conduct as all other Class Members.  Plaintiff and all Class Members purchased or leased Solar Products that Generac manufactured with the Defect.  All of Plaintiff's and Class Members' claims arise out of Generac's placement into the marketplace of a Solar Product it knew was defective and caused a safety risk to consumers and from Generac's failure to disclose those known safety risks and the Defect.  Also common to Plaintiff's and Class Members' claims is Generac's conduct in designing, manufacturing, marketing, advertising, warranting, and/or selling the defective Solar Products, Generac's conduct in concealing the Defect in the Solar Products, and Plaintiff's and Class Members' purchase or leasing of the Solar Products.

84.    **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and has retained competent counsel experienced in complex class action litigation and products liability.  Accordingly, Plaintiff and her counsel will fairly and adequately protect the interests of Class Members.  Plaintiff's claims are coincident with, and not antagonistic to, those of the other Class Members she seeks to represent.  Plaintiff has no disabling conflicts with Class Members and will fairly and adequately represent the interests of Class Members.

85.    The elements of Rule 23(b)(2) are met.  Generac will continue to commit the violations alleged, and the members of the Class and the general public will continue to remain at an unreasonable and serious safety risk as a result of the Defect.  Generac has acted and refused to act on grounds that apply generally to Class Members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

86.    The elements of Rule 23(b)(3) are met.  The common questions of law and fact enumerated above predominate over the questions affecting only individual Class Members, and a class action is the superior method for fair and efficient adjudication of the controversy. Although many other Class Members may have claims against Generac, the likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Serial adjudication in numerous venues is not efficient, timely, or proper.  Judicial resources will be unnecessarily depleted by resolution of individual

CLASS ACTION COMPLAINT

claims. Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible. Individualized rulings and judgments could result in inconsistent relief for those similarly situated to Plaintiff. Plaintiff's counsel are highly experienced in class action litigation and foresee little difficulty in the management of this case as a class action.

**FIRST CAUSE OF ACTION**
Breach of Express Warranty
(Individually and on Behalf of the Nationwide Class and the California Class)

87.     Plaintiff re-alleges and incorporates paragraphs 1–86 as if fully set forth herein.

88.     As set forth above, Generac's written warranty to Plaintiff and the Class provides coverage for SnapRS devices for a period of 25 years, provides coverage for other PWRcell components for a period of 10 years, warrants that Generac's PWRcell products are defect free, and warrants that Generac will cover the costs of parts, labor, and travel arising from its defective equipment.

89.     Generac breached its express warranty by selling Solar Products that were defective and not safe or reliable for providing residential solar electricity.

90.     Generac's warranty was uniform or substantially uniform as to product representations among the Solar Products sold.

91.     Plaintiff and Class Members have privity of contract with Generac through their purchase of Solar Products through Generac's agents (*e.g.*, its installer/seller network), and through express written warranties that Generac issued to its customers. Generac's warranties accompanied the Solar Products and were intended to benefit the ultimate consumers of the Solar Products.

92.     The express written warranties covering the Solar Products were material and part of the bargain with Generac, on the one hand, and Plaintiff and Class Members, on the other hand. At the time it made these express warranties, Generac knew of the intended purpose of the Solar Products.

93.     Generac breached its express warranties when it failed to sell Solar Products that were free of defects and that could be used for their ordinary purpose. Generac breached its

express written warranties to Plaintiff and Class Members in that the Solar Products contain a defect upon the very first day of purchase, including in the form of SnapRS devices that overheat, bubble, burn, separate, melt, char, combust, and/or explode when they become overactive. Generac's Solar Products create a serious safety risk to Plaintiff and Class Members, do not provide consistent or reliable residential solar energy, and fail to perform as represented by Generac.

94.     Plaintiff and Class Members submitted Generac Solar Products for repair, refund, and/or replacement to Generac and/or its agents and Generac failed to comply with the terms of the express warranty provided to Plaintiff and Class members by, *inter alia*, failing and/or refusing to repair or replace the subject defective Solar Products under the warranty as described herein.

95.     Generac's acts in failing and/or refusing to repair or replace the defective Solar Products during the warranty period, so as to bring the Solar Products into conformity with the express warranties, deprived Plaintiff and Class Members of their rights guaranteed under the express warranties offered by Generac.

96.     The warranty also fails in its essential purpose because it is insufficient to make Plaintiff and Class Members whole, and/or because Generac has failed to provide the promised remedy within a reasonable time.

97.     As a direct and proximate result of the willful failure of Generac to comply with its obligations under its express warranties, Plaintiff and Class Members have suffered actual and consequential damages.  Such damages include, but are not limited to, the cost of repairing the Solar Products, loss of the use and enjoyment of the Solar Products, and diminution in the value of the Solar Products identified herein.

98.     In addition, many of the damages resulting from the defective Solar Products cannot be resolved through the limited remedy of repair or replacement, as those incidental and consequential damages already have been suffered due to Generac's conduct as alleged herein.

99.     Generac received notice and has been on notice of the Defect and of its breaches of express warranties through, *inter alia*, complaints by Plaintiff, consumers, and installers.

100.     Despite such notice and its knowledge of the Defect, Generac failed to provide defect-free Solar Products to Plaintiff and Class Members, failed to properly or adequately repair and/or replace the defective Solar Products, and failed to provide any form of compensation for the damages resulting from the Defect.

101.     As a result of Generac's breach of its express written warranties, Plaintiff and Class Members have suffered damages in an amount to be determined at trial.  Plaintiff and Class Members seek all remedies allowed by law.

## SECOND CAUSE OF ACTION
Breach of Implied Warranty
(Individually and on Behalf of the Nationwide Class and the California Class)

102.     Plaintiff re-alleges and incorporates paragraphs 1–86 as if fully set forth herein.

103.     Generac extended an implied warranty to Plaintiff and Class Members that the subject Solar Products were merchantable and fit for the ordinary purpose for which such goods are sold.

104.     Persons who purchased Generac Solar Products are entitled to the benefit of their bargain:  a residential solar energy system that is safe, dependable, and non-defective.

105.     Generac's defective Solar Products place Plaintiff, Class Members, and members of the public at risk of injury upon using the Solar Products in a reasonably foreseeable manner.

106.     Generac breached the implied warranty because its Solar Products are not fit for ordinary use and are not of a merchantable quality because they were defective and posed a risk of injury to the public at the time of sale, would not pass without objection, and failed to conform to the standard performance of like products used in the trade.

107.     Generac knew or should have known that the Solar Products were defective, posed a risk of injury to the public, and knew or should have known of these breaches of implied warranties at the time of its sale of the Solar Products to Plaintiff and Class Members.

108.     Plaintiff and Class Members have privity of contract with Generac through their purchase of the Solar Products through Generac agents (*e.g.*, its installer/seller network) and through the express written and implied warranties that Generac issued to its customers.

Generac's warranties accompanied its Solar Products and were intended to benefit the ultimate consumers of the Solar Products.

109.    As a direct and proximate result of Generac's breach of its implied warranties, Plaintiff and Class Members bought the Solar Products without knowledge of the Defect, the serious safety risk posed by the Solar Products, and that the Solar Products failed to produce consistent and dependable residential solar energy.

110.    As a direct and proximate result of Generac's breach of its implied warranties, Plaintiff and Class Members purchased defective Solar Products, which could not be used for their intended use.

111.    Generac received notice and has been on notice of the Defect and of its breaches of warranties, including through:  customer inquiries, complaints, and concerns; warranty submissions; its own research, inspection, and testing; inquiries, complaints and concerns from its installer and seller network; lawsuits; media coverage and inquiries; and communications with governmental entities, including the CPSC.

112.    Despite such notice and its knowledge of the Defect, Generac failed to provide defect-free Solar Products to Plaintiff and Class Members, failed to replace the defective Solar Products, and failed to provide any form of compensation for damages resulting from the Defect.

113.    Had the fact of the Defect been disclosed at the time of sale, Generac's Solar Products could not have been sold, or could not have been sold at the same price.

114.    As a direct and proximate result of Generac's breach of its implied warranties, Plaintiff and Class Members have suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
Breach of Express Warranties Under the Song-Beverly Consumer Warranty Act
(Individually and on Behalf of the California Sub-Class)

115.    Plaintiff re-alleges and incorporates paragraphs 1–86 as if fully set forth herein.

116.    Generac's Solar Products are "consumer goods" within the meaning of California Civil Code section 1791(a).

CLASS ACTION COMPLAINT

117.     Plaintiff and Class Members are "buyers" within the meaning of California Civil Code section 1791(b).

118.     Generac is and was at all relevant times a "manufacturer" of the Solar Products under California Civil Code section 1791(j); and, with respect to leases, is and was at all relevant times a "lessor" of Solar Products under California Civil Code section 1791($i$).

119.     Plaintiff and Class Members bought and leased Solar Products designed, manufactured, warranted, marketed to them, and intended to be purchased or leased by consumers such as them, by Generac.

120.     Generac expressly warranted the Solar Products against defects within the meaning of California Civil Code sections 1791.2 and 1793.2.

121.     As alleged above, the Solar Products are defective.  The Defect impairs the use, value, and safety of the Systems to reasonable consumers, Plaintiff and Class Members.

122.     Generac knew of the Defect when it expressly warranted the Solar Products, wrongfully and fraudulently concealed material facts regarding the Defect, failed to inform Plaintiff and Class Members that the Solar Products were defective, and induced Plaintiff and Class Members to purchase or lease the Solar Products under false and/or fraudulent pretenses.

123.     Generac is obligated, under the terms of its express warranties and pursuant to California Civil Code sections 1793.2 and 1795.4, to repair and/or replace the defective Solar Products at no cost to Plaintiff and Class Members.

124.     Generac breached its express warranties by supplying defective Solar Products to Plaintiff and Class Members.

125.     Generac breached its express warranties by failing to repair the Solar Products under warranty and failing to provide to Plaintiff or Class Members, as a warranty replacement, a product that conforms to the qualities and characteristics that it promised when it sold the Solar Products to Plaintiff and Class Members.

126.     As detailed above, Generac was provided with appropriate notice and has been on notice of the Defect and of its breach of its express written warranties from various sources, including complaints from Plaintiff, consumers, and installers.

CLASS ACTION COMPLAINT

127.    Plaintiff has given Generac a reasonable opportunity to cure its failures with respect to its warranties, and Generac has failed to do so.

128.    Affording Generac any further opportunity to cure its breach of written warranties is unnecessary and would be futile.

129.    Any express warranties promising to repair and/or correct any defects fail in their essential purpose because the contractual remedy is insufficient to make Plaintiff and Class members whole and because Generac has failed and/or has refused to adequately provide the promised remedies within a reasonable time.

130.    Accordingly, recovery by Plaintiff and Class Members is not restricted to any written warranties promising to repair and/or correct defects, and Plaintiff and Class Members seek all remedies as allowed by law.

131.    Any attempt by Generac to limit or disclaim the express warranties in a manner that would exclude coverage of the Defect is unenforceable and void pursuant to California Civil Code sections 1790.1, 1792.3, and 1793.

132.    As a direct and proximate result of Generac's breach of its express warranties, Plaintiff and Class Members received goods that have substantially impaired value and have suffered damages in an amount to be determined at trial.

133.    As a result of Generac's breach of its express warranties, Plaintiff and Class Members have been damaged in an amount to be proven at trial and are entitled to incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, pursuant to California Civil Code sections 1794 and 1795.4.

**FOURTH CAUSE OF ACTION**
Breach of Implied Warranties Under the Song-Beverly Consumer Warranty Act
(Individually and on Behalf of the California Sub-Class)

134.    Plaintiff re-alleges and incorporates paragraphs 1–86 as if fully set forth herein.

135.    Generac's Solar Products are "consumer goods" within the meaning of California Civil Code section 1791(a).

CLASS ACTION COMPLAINT

136.    Plaintiff and Class Members are "buyers" within the meaning of California Civil Code section 1791(b).

137.    Generac is and was at all relevant times a "manufacturer" of the Solar Products under California Civil Code section 1791(j); and, with respect to leases, is and was at all relevant times a "lessor" of Solar Products under California Civil Code section 1791(*i*).

138.    Every sale or lease of consumer goods is accompanied by a manufacturer's implied warranty that the goods are merchantable within the meaning of California Civil Code section 1791.1(a).

139.    Generac impliedly warranted to Plaintiff and Class Members that its Solar Products were "merchantable" within the meaning of California Civil Code sections 1791(a) and 1792.

140.    The implied warranty of merchantability included with each sale or lease of a Generac Solar Product means that Generac warranted that each item:  (i) would pass without objection in trade under the contract description; (ii) was fit for the ordinary purposes for which the Solar Products would be used; and (iii) conformed to Generac's promises or affirmations of fact.  *See* Cal. Civ. Code § 1791.1(a).

141.    This implied warranty included, *inter alia*, a warranty that the Solar Products manufactured, supplied, distributed, and/or sold by Generac were safe and reliable; and a warranty that the Solar Products would be fit for their intended use while the Solar Products were being used.

142.    Contrary to the applicable implied warranties, the Solar Products at the time of sale or lease (and thereafter) were (and are) defective and not fit for their ordinary and intended purpose in that they pose a safety risk and do not produce consistent and dependable solar energy.

143.    The Defect existed at the point of sale or lease without warning to Class Members.

144.    Plaintiff and Class Members were intended third-party beneficiaries of the contracts for sale or lease of the Solar Products from Generac to its agents (*e.g.*, its installer/seller network) who ultimately sold the Solar Products to Plaintiff and Class Members.  Generac, which manufacturers and markets the Solar Products, knew that Plaintiff and Class Members were end-

users of the Solar Products and brought itself into privity with Plaintiff and Class Members who relied upon representations made by Generac, including through Generac's agents, as alleged herein.

145.    Generac's actions have deprived Plaintiff and Class Members of the benefit of their bargain and have caused the Solar Products to be worth less than what Plaintiff and Class Members paid.

146.    Any attempt by Generac to limit or disclaim the implied warranties in a manner that would exclude coverage of the Defect is unenforceable and void pursuant to California Civil Code sections 1790.1, 1792.3, and 1793.

147.    As a result of Generac's breach of its implied warranties, Plaintiff and Class Members have been damaged in an amount to be proven at trial and are entitled to incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, pursuant to California Civil Code sections 1794 and 1795.4.

**FIFTH CAUSE OF ACTION**
Unlawful, Unfair, and Fraudulent Business Practices,
California Business and Professions Code §§ 17200 *et seq.*
(Individually and on Behalf of the California Sub-Class)

148.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

149.    Generac's practices as alleged in this Complaint constitute unlawful, unfair, and fraudulent business practices under California's Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* (the "UCL").

150.    The UCL prohibits "unfair competition" including any "unlawful, unfair, or fraudulent business practice" and "unfair, deceptive, untrue or misleading advertising."  Generac engaged in conduct that violated each of this statute's three prongs.

151.    Generac committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* by systematically breaching its warranty obligations and by violating the Song-Beverly Consumer Warranty Act as alleged above.

152.    Generac committed unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* because the acts and practices described herein, including but not limited to Generac's failure to provide a permanent fix for the Defect and failing to disclose and actively concealing the existence of the Defect, were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members.  Generac's acts and practices were additionally unfair because the harm to Plaintiff and Class Members is substantial and is not outweighed by any countervailing benefits to consumers or competition. Generac's acts and practices were additionally unfair because they were contrary to legislatively declared or public policy.

153.    Generac committed fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* when it concealed the existence and nature of the Defect while representing in its marketing, advertising, the statements of its agents (*e.g.*, its installer/seller network), and other broadly disseminated representations that its Solar Products were, for example, high quality, functional, and safe.  Generac's representations, omissions, and active concealments about the Defect are likely to mislead the public with regard to the true defective nature of Generac Systems.

154.    Plaintiff and Class Members have suffered injury in fact as a result of Generac's unlawful, unfair, or fraudulent practices, in that, among other things:  (i) they would not have purchased the Solar Products; (ii) they have been deprived of making an informed decision about the Solar Products they purchased; and (iii) they would not have endangered themselves or the occupants of their households with these dangerously defective Solar Products.

155.    As an entity with exclusive knowledge regarding the Defect, Generac had a duty to disclose the Defect, particularly in light of the fact that the Defect poses risks of significant injury and economic losses to Plaintiff and Class Members.

156.    Plaintiff and Class Members reasonably expected that Generac would disclose the existence of the Defect to consumers and the public, and reasonably expected that Generac would not sell or lease a product that was defective and prone to cause significant injury and/or that

- 30 -                                         CLASS ACTION COMPLAINT

failed to provide consistent and dependable solar energy.  This information is and was material to Plaintiff and Class Members.

157.     Generac, at all times relevant, knew or should have known that Plaintiff and Class Members did not know of, or could not reasonably have discovered, the risks related to the Defect.

158.     Had Plaintiff and Class Members known that the Solar Products were defective, they would not have purchased or leased them.  In addition, Plaintiff and Class Members have lost the benefit of their bargain as the Solar Products they paid for are not worth the price paid due to their defective condition.

159.     Plaintiff and Class Members have suffered damages as a result of Generac's misconduct.  Generac's unlawful, unfair, and fraudulent business acts and practices continue through the date of this filing.

160.     The above-described unfair, unlawful, and fraudulent business practices by Generac present a threat and likelihood of harm and deception to Plaintiff, Class Members, and the public in that Generac has systematically perpetrated and continues to perpetrate the unfair, unlawful, and fraudulent conduct upon members of the public by engaging in the conduct alleged herein.

161.     Plaintiff and Class Members seek an order enjoining Generac from committing such unlawful, unfair, and fraudulent business practices, and seek restitution pursuant to Cal. Bus. & Prof. Code § 17203.

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others situated, respectfully requests that this Court:

a.    Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Appoint Plaintiff as Class Representative;

c.    Appoint the undersigned counsel as Class Counsel;

d.    Award damages, including compensatory, exemplary, punitive, and statutory damages to Plaintiff and the Class in an amount to be determined at trial;

e.    Permanently enjoin Generac from engaging in the wrongful and unlawful conduct alleged herein;

f.    Award Plaintiff and the Class reasonable attorneys' fees, costs, and expenses;

g.    Award Plaintiff and the Class interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

h.    Award such other and further relief, including equitable and injunctive relief, that the Court deems just, equitable, and appropriate under the circumstances.

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a trial by jury on all issues so triable.

3

4
     Dated:  February 2, 2023          */s/ Nicholas Ryan Hartmann*
5                                      Nicholas Ryan Hartmann

6
                                       Michael Levin-Gesundheit (SBN 292930)
7                                      Nicholas Ryan Hartmann (SBN 301049)
                                       **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
8                                      275 Battery Street, 29th Floor
                                       San Francisco, CA  94111-3339
9                                      Telephone:  415.956.1000
                                       Facsimile:  415.956.1008
10                                     mlevin@lchb.com
                                       nhartmann@lchb.com
11
                                       Mark P. Chalos (*pro hac vice*)
12                                     **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                       222 2nd Avenue South, Suite 1640
13                                     Nashville, TN  37201-2379
                                       Telephone:  615.313.9000
14                                     Facsimile:  615.313.9965
                                       mchalos@lchb.com
15
                                       *Attorneys for Plaintiff and the Proposed Class*
16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## DECLARATION OF NICHOLAS RYAN HARTMANN
## PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Nicholas Ryan Hartmann, declare as follows:

1.      I submit this declaration pursuant to section 1780(d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.      Defendants Generac Power Systems, Inc. and Generac Holdings, Inc. are Delaware corporations engaged in the business of sales, marketing, and distribution of solar power energy systems and components in El Dorado County, California and the Eastern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on February 2, 2023 in San Francisco, California.

*/s/ Nicholas Ryan Hartmann*
NICHOLAS RYAN HARTMANN

2745047.5

CLASS ACTION COMPLAINT