# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GENERAC SOLAR POWER SYSTEMS MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION          MDL No. 3078

## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiff in the Northern District of California *Moon* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.  The litigation consists of five actions pending in four districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of two related actions pending in the Northern District of California and the Eastern District of North Carolina.[1]  All parties support centralization, but they disagree as to the appropriate transferee forum.  Responding plaintiffs support centralization in the Northern District of California.  Plaintiff in one action alternatively suggests centralization in the Middle District of Florida, while plaintiffs in another alternatively propose the Eastern District of Wisconsin.  Defendants Generac Power Systems, Inc., and Generac Holdings Inc. (collectively, Generac) request the Eastern District of Wisconsin as the transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share common questions of fact arising from allegations that the SnapRS rapid shutdown components in solar power storage systems manufactured and marketed by Generac have a tendency to overheat and melt or catch fire, causing loss of power and the risk of fire or other damage to users' homes.  All involved actions are putative nationwide or statewide class actions.  Plaintiffs assert substantially similar claims for violation of the Magnuson-Moss Warranty Act or breach of implied and express warranties, along with various claims for breach of contract, negligent and fraudulent misrepresentation, unjust enrichment, or violation of state consumer protection statutes.

Discovery in all actions likely will focus on the development, performance, and safety of the SnapRS components, the content of Generac's marketing materials, the terms of its warranties, and whether and when Generac knew or should have known of the alleged defects in the devices.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

Centralization would avert the risk of duplicative discovery and avoid inconsistent rulings with respect to class certification and other pretrial issues. Moreover, with seven involved actions pending in five districts, and all plaintiffs represented by separate counsel, informal coordination does not seem practicable.

We conclude that the Eastern District of Wisconsin is an appropriate transferee district. Two actions are pending in the district, and it is requested by defendants and, in the alternative, by plaintiffs in one action. Generac's headquarters are located within the district, in Waukesha, Wisconsin, where many of the relevant witnesses and documents are likely to be found. We assign the litigation to Judge Lynn S. Adelman, who is an experienced transferee judge. We are confident that he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Wisconsin are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable Lynn S. Adelman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

**IN RE: GENERAC SOLAR POWER SYSTEMS MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**     MDL No. 3078

## SCHEDULE A

<u>Eastern District of California</u>

LOCATELL v. GENERAC POWER SYSTEMS, INC., ET AL., C.A. No. 2:23−00203

<u>Northern District of California</u>

MOON v. GENERAC POWER SYSTEMS, INC., ET AL., C.A. No. 3:22−09183

<u>Middle District of Florida</u>

HAAK v. GENERAC POWER SYSTEMS, INC., C.A. No. 8:22−02470

<u>Eastern District of Wisconsin</u>

BASLER, ET AL. v. GENERAC POWER SYSTEMS, INC., C.A. No. 2:22−01386
DILLON v. GENERAC POWER SYSTEMS, INC., C.A. No. 2:23−00034